## PETER GURAL *v.* DARLENE R. FAZZINO
### (AC 15931)

O'Connell, Foti and Spear, Js.

Submitted on briefs March 24—officially released July 1, 1997

*Richard S. Cramer* filed a brief for the appellant (plaintiff).

*Leon M. Kaatz* filed a brief for the appellee (defendant).

*Opinion*

SPEAR, J. The sole issue in this case is whether the Home Improvement Act (act)[1] bars an unjust enrichment claim for improvements that the plaintiff, a registered home improvement contractor, made to a house owned by the defendant, where the improvements were made during the time in which the plaintiff and the defendant lived together in the house. We conclude that the plaintiff's claim is outside the purview of the act and, accordingly, reverse the trial court's judgment for the defendant.

The plaintiff commenced this action by way of a three count complaint alleging that (1) the defendant breached her promise to live with him for life in the subject property or in a house bought with the proceeds from the sale of the subject property, (2) the defendant misrepresented that she would live with him for life, inducing him to rely thereon and voluntarily to improve the subject property and (3) the defendant put him out of her house in contravention of their plan to live together permanently and she was unjustly enriched by the improvements that the plaintiff had made to the house.

The case was tried to the court. At the conclusion of the plaintiff's case, the court dismissed the second count of the complaint and rendered judgment for the defendant on the first and third counts.[2] The plaintiff

---

[1] General Statutes §§ 20-418 through 20-432 constitutes chapter 400 of the General Statutes known as the Home Improvement Act. The specific statutes that are relevant to this appeal will be set out as necessary in the opinion.

[2] The defendant made an oral motion to dismiss at the conclusion of the plaintiff's case. Practice Book § 302 provides in relevant part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

appeals only from the judgment for the defendant on the third count claiming unjust enrichment.

The trial court found the following relevant facts. The plaintiff and the defendant cohabited at premises owned by the defendant at 29 Penny Corner, Portland, from November, 1986, until late 1991. During that time, the plaintiff was a registered home improvement contractor. He made extensive improvements to the defendant's house at a cost of approximately $52,000, not including the cost of labor. The termination of the parties' relationship precipitated this action.

The trial court concluded that because there was no written contract for the improvements, the act precluded an award of damages for unjust enrichment. The trial court stated that cases from the Supreme Court and this court make clear that the act will "bar a contractor from recovering under every imaginable legal theory where a written contract either does not exist or fails to conform to the requirements of the [act]" except where there is bad faith on the part of the owner.

Whether the act applies to the circumstances of this case is a matter of statutory construction. "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction. . . ." (Citations omitted; internal quotation marks omitted.) *Cashman* v. *Cashman*, 41 Conn. App. 382, 385–86, 676 A.2d 427 (1996).

We conclude that the words of the applicable statutes are clear and we will apply them according to their plain meaning. We turn first to the definition section. General Statutes § 20-419 (5) defines a home improvement contract as "an agreement between a contractor and an owner for the performance of a home improvement." General Statutes § 20-429 (a) (1) provides in pertinent part: "No home improvement contract shall be valid or enforceable against an owner unless it . . . [i]s in writing . . . ." The dispositive question on appeal is whether the alleged agreement constitutes a home improvement contract. We conclude that it does not.

First, nowhere in the third count, or indeed the entire complaint, does the plaintiff allege that there was an agreement between him and the defendant for the performance of a home improvement[3] or that the improvements were a quid pro quo for the defendant's promise to live with the plaintiff for life. Nor does the evidence disclose such an agreement or exchange. The "agreement" about which the plaintiff complains is an alleged plan that the parties would live together for life at the Penny Corner address "or in a house to be built on adjacent property with proceeds from the sale of said home." The alleged wrong of which the plaintiff complains is not a refusal to pay for the improvements made by the plaintiff. Rather, the plaintiff complains that the defendant put him out of the house and refused to continue to live with him according to the plan.

In all of the cases discussed in the defendant's brief and in the trial court's memorandum of decision, the relationship that generated the dispute was that of contractor and owner. In all of the cases, the contractor

---

[3] General Statutes § 20-419 (4) defines home improvement as, inter alia: "[T]he repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation . . . of . . . any . . . building . . . ."

was attempting to enforce an agreement to perform home improvements. See *Liljedahl Bros., Inc.* v. *Grigsby*, 215 Conn. 345, 576 A.2d 149 (1990) (refusal to enforce deficient agreement under theory of implied contract); *A. Secondino & Son, Inc.* v. *LoRicco*, 215 Conn. 336, 576 A.2d 464 (1990) (refusal to enforce nonconforming home improvement agreement under theory of quasi contract); *Barrett Builders* v. *Miller*, 215 Conn. 316, 576 A.2d 455 (1990) (refusal to enforce nonconforming home improvement agreement under theory of unjust enrichment); *Caulkins* v. *Petrillo*, 200 Conn. 713, 513 A.2d 43 (1986) (refusal to allow recovery under doctrine of full performance where home improvement agreement did not meet requirements of statute); *Wadia Enterprises, Inc.* v. *Hirschfeld*, 27 Conn. App. 162, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992) (refusal to enforce defective home improvement agreement under theory of waiver, estoppel or consent); *Sidney* v. *DeVries*, 18 Conn. App. 581, 559 A.2d 1145 (1989), aff'd, 215 Conn. 350, 575 A.2d 228 (1990) (refusal to enforce agreement under theory of quantum meruit). The outcome in each of those cases resulted from a failure to comply with the act. The Supreme Court and this court rejected alternative theories of liability and barred recovery by the contractor in each case.

Here, the termination of the relationship between "live-in lovers"[4] spawned the dispute. It was not a dispute over the home improvements. We fail to see how a relationship of this nature would in any way constitute an agreement for the performance of a home improvement and thus bring the dispute within the act.

We are further persuaded that the act does not apply because of General Statutes § 20-419 (4), which provides in relevant part: " 'Home improvement' does not

---

[4] That is the phrase the trial court used to describe the parties' relationship.

include . . . (E) any work performed without compensation by the owner on his own private residence . . . ." Section 20-419 (6) defines owner as a person who "resides in a private residence . . . ." Pursuant to § 20-419 (4) and (6), what the plaintiff did was not a home improvement because he was an owner as defined in the statute and he did not seek or receive compensation for the work.[5]

We also note that the purpose of the act is to protect home owners from unscrupulous contractors. The claimed improvements were not made pursuant to a contractor-owner relationship. Nothing in the allegations or evidence here triggers the need for the protection of the act.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss on the ground of the Home Improvement Act and for further proceedings according to law.

In this opinion the other judges concurred.

---

[5] The defendant offers no rebuttal to the plaintiff's claim that what he did was not a home improvement because of § 20-419 (4) (E) and (6).