[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This case arises out of the defendant's repossession of a 1991 Honda Accord (the vehicle) that was purchased by the plaintiff. The contract for purchase was a retail installment contract under the provisions of Connecticut's Retail Installment Sales Finance Act (RISFA), General Statutes § 36a-770 et seq. and the Uniform Commercial Code (UCC), General Statutes § 42a-1-101
CT Page 5085-dc et seq. The plaintiff also alleges that the defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq. Both parties move for summary judgment. At the hearing on March 20, 2000, the parties agreed that there are no genuine issues of material fact in dispute and that judgment in this matter should be based upon issues of law.
 FACTS
The undisputed facts are:
1. The plaintiff, on or about April 19, 1995, entered into a motor vehicle retail installment contract with Liberty Honda in the principal sum of $11,535.64. This agreement was subsequently assigned to the defendant. In accordance with the terms of the agreement, the defendant was granted a security interest in the vehicle.
2. The plaintiff failed to pay the installment due on or about February 20, 1998, and all subsequent payments due under the terms of the contract. On or about May 22, 1998, the defendant sent the plaintiff written notice of its intention to repossess the vehicle because the plaintiff was in default of his obligations owed under the contract.
3. On June 3, 1998, the defendant repossessed the vehicle.
4. On June 4, 1998, the defendant sent the plaintiff written notice of repossession and notified the plaintiff that the vehicle would be sold at a private sale on or after June 19, 1998.
5. At no time did the plaintiff attempt to redeem the vehicle.
6. On about August 24, 1998, the defendant sold the vehicle.
7. On or about September 1, 1998, the defendant sent the plaintiff written notice of the itemization of the disposition of the vehicle.
Additional undisputed facts will be set forth as needed hereafter.
 STANDARD OF REVIEW
CT Page 5085-dd
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Thompson Peck, Inc. v.Division Drywall, Inc., 241 Conn. 370, 374, 696 A.2d 326 (1997). Since both parties have stipulated in open court that there are no genuine issues of material fact and that summary judgment is the appropriate remedy, the Court now addresses the issues of law.
 ISSUES A RISFA
Count one alleges that the defendant violated the terms of RISFA, specifically General Statutes § 36a-785. Section36a-785(b) provides that the holder of a retail installment sales finance contract, in this case the defendant, may serve upon the retail buyer, in this case the plaintiff, personally or by registered or certified mail, a notice of intention to retake the goods on account of the buyer's default. This is a not a mandatory requirement. However, if the holder of such contract elects to send such a notice, it must be served not less than ten days prior to the retaking of the goods, in this case the vehicle. The notice in this matter was mailed on May 22, 1998, and the date set for retaking in the notice was June 1, 1998. Excluding the terminal dates, namely May 22 and June 1 of 1998, there are only nine days in between, and, therefore, the notice sent on May 22, 1998 is invalid. This failure to send the notice at least ten days before the date set for retaking means that General Statutes § 36a-785(c) applies in this case. Section36a-785(c) states:
 (c) Redemption. If the holder of such contract does not give the notice of intention to retake, described in subsection (b), he shall retain such goods for fifteen days after the retaking within the state in which they were located when retaken. During such period the retail buyer, upon payment or tender of the unaccelerated amount due under such contract at the time of the retaking and interest, or upon performance or tender of CT Page 5085-de performance of such other condition as may be named in such contract as precedent to the retail buyer's continued possession of such goods, or upon performance or tender of performance of any other promise for the breach of which such goods were retaken, and upon payment of the actual and reasonable expenses of any retaking and storing, may redeem such goods and become entitled to take possession of the same and to continue in the performance of such contract as if no default had occurred. The holder of such contract shall within three days of the retaking furnish or mail, by registered or certified mail, to the last known address of the buyer a written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storing. For failure to furnish or mail such statement as required by this section, the holder of the contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure. If such goods are perishable so that retention for fifteen days as herein prescribed would result in their destruction or substantial injury, the provisions of this subsection shall not apply and the holder of the contract may resell the goods immediately upon such retaking.
The parties concede that the defendant retained the automobile for fifteen days after the retaking, so that is not an issue. The defendant notified the plaintiff of the retaking within three days of the retaking in a written statement that set forth the accelerated sum due under such contract and the actual and reasonable expense of any retaking and storage. The notice, however, was invalid because it did not provide a written statement of the unaccelerated sum due under the contract. See Exhibit A attached hereto which states: "If you wish (sic) redeem the Vehicle you may do so by paying the balance in full $4,770.10
plus repossession and storage fees. If you intend to redeem the Vehicle full payment must be tendered. . . ." (Emphasis added.) The defendant admits in its motion for summary judgment that Exhibit A did not comply with the statute because it set forth the accelerated balance due rather than the unaccelerated balance that was due.
The penalty to the defendant is set forth in General Statutes § 36a-785 (c) which states: "For failure to furnish or mail such statement as required by this section, the holder of the CT Page 5085-df contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure. . . ." There is no question that the plaintiff is not liable for the reasonable expenses of retaking and storage. Also, the plaintiff admitted orally at the hearing before this court that he did not suffer any actual damages. The plaintiff, however, claims that he is entitled to recovery under General Statutes § 36a-785(i) which states:
 (i) Recovery of part payments. If the holder of the contract fails to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h), after retaking the goods, the retail buyer may recover from the holder of the contract his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract.
The defendant contends that Gaynor v. Union Trust Co.,216 Conn. 458, 582 A.2d 190 (1990), precludes an award of statutory damages for any violation of § 36a-785(c). The court agrees as to the failure to send the proper notice. In Gaynor v. UnionTrust Co., the court explained that "[f]or inadvertent misstatements in a notice of retaking, such as occurred in this case, we are persuaded that the controlling provision is not the generally applicable sanction provided in § 42-98 (i) [now § 36a-785 (i)] but is rather the specifically applicable sanction contained in § 42-98(c) [now § 36a-785(c). It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . . Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision." (Citation omitted; internal quotation marks omitted.) Gaynor v. Union Trust Co., supra, 216 Conn. 476-77.
Based upon the ruling in Gaynor v. Union Trust Co., supra,216 Conn. 476-77, the plaintiff is not entitled to statutory damages under § 36a-785(i), which is the general provision. The plaintiff is limited to the damages set forth in §36a-785(c), the particular provision. Since there are no actual CT Page 5085-dg damages, the plaintiff is not entitled to recover for the defendant's failure to provide a written statement of the unaccelerated sum due as required by § 36a-785(c).
The penalty of actual damages applies only to the failure to furnish a proper statement pursuant to § 36a-785(c). The defendant, however, violated subsection (c) in another respect. The relevant portion of § 36a-785(c) states:
"During such period [the fifteen days after the retaking] the retail buyer, upon payment or tender of the unaccelerated amount due under such contract at the time of retaking and interest may redeem such goods and become entitled to take possession of the same and to continue in the performance of such contract as if no default had occurred. . . ." The defendant claims that it did not violate subsection (c) because the plaintiff never paid or tendered payment of the unaccelerated amount due. The letter (Exhibit A) misstated that the accelerated amount was due and, therefore, prevented the plaintiff from tendering the unaccelerated amount due. Based upon that letter, it would have been futile for the plaintiff to tender the unaccelerated amount due. To the extent that the defendant prevented the plaintiff from tendering proper payment of the unaccelerated amount due, the defendant violated subsection (c). No penalty is set forth in subsection (c) for preventing the tender of the unaccelerated amount due. Since subsection (c) has no specific penalty for this type of violation, the plaintiff would ordinarily be entitled to the statutory damages allowed under subsection (i).[1]
However, having done the above analysis, the court must still deny statutory damages under § 36a-785(i). That section requires that the holder of the contract must fail to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h) as a condition of the buyer being awarded statutory damages. (Emphasis added.) Plaintiff has conceded in his Memorandum of February 25, 2000, footnote at page 10, that the defendant complied with subsections (d) and (e). Therefore, it did not violate all of the subsections cited in § 36a-785(i).
The word "and" in that subsection means that all subsections mentioned therein must be violated for the plaintiff to recover statutory damages[2].
"In interpreting the language of a statute, the words must be CT Page 5085-dh given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistorySociety v. Administrator, 238 Conn. 273, 278-79, 679 A.2d 347
(1996); Gural v. Fazzino, 45 Conn. App. 586, 588, 696 A.2d 1307
(1997).
 B UCC
Count two alleges that the defendant violated the UCC, specifically General Statutes § 42a-9-501(2) which states: "After default, the debtor has the rights and remedies provided in this part, those provided in the security agreement
and those provided in section 42a-9-207." (Emphasis added.) The retail installment sales financing contract attached hereto as Exhibit B states in pertinent part: "3. Under the law, you have following rights, among others . . . (b) to redeem the property if repossessed for a default. . . ." This language in the security agreement or contract is mandated by General Statutes § 36a-771(c).[3] This language in the contract must be considered with § 36a-785(c) which holds that to redeem the property if repossessed for a default the debtor may pay or tender the unaccelerated amount due under such contract. As previously stated, the defendant precluded or foreclosed the plaintiff from tendering the unaccelerated amount and, therefore, denied the plaintiff his right to redeem the property as described in the contract. Therefore, the defendant is liable for statutory damages under General Statutes § 42a-9-507(1) which states: "If it is established that the secured party is not proceeding in accordance with the provisions of this part . . . If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt. . . ." Accordingly, the court finds that the defendant is liable to the plaintiff for the statutory damages under this section.[4]
CT Page 5085-di
 C CUTPA
Count three alleges a violation of CUTPA. In Gaynor v. UnionTrust Co., supra, 216 Conn. 475, the court explained that "[i]n consumer transactions, strict compliance with statutory provisions that prescribe the informational content of retail installment contracts is mandatory and is not excused by inadvertence." The actions of the defendant, however, must be more than inadvertent in order to qualify for a CUTPA violation. This court has no evidence before it that the sending of this letter with the incorrect demand for the accelerated amount and for the expenses and costs of retaking is other than an inadvertence. There is no evidence that it was either deliberate or that it was more than an isolated incident. Without a showing of an intent to defraud, this court cannot say that the actions of the defendant offend public policy and or that such action was immoral, unethical, oppressive or unscrupulous. Further without any actual damages being claimed, there is no way that the court can accept a claim that there has been an ascertainable loss. The statutory penalties do not qualify as an ascertainable loss. Accordingly, this court finds no violation of CUTPA by the defendant.
 DAMAGES
1. For the reasons stated no damages are awarded under RISFA.
2. For violation of the UCC, General Statutes § 42a-9-507(1) provides in pertinent part: "the debtor has the right to recover in any event an amount not less than the credit service charge plus ten percent of the principal, amount of debt . . . According to Exhibit B the credit service charge, or as stated on Exhibit B, the finance charge is $3,824.36. The debt is the amount financed, namely $11,535.64, and ten percent thereof is $1153.56. The plaintiff, therefore, is entitled under the UCC to $4,977.92 in damages.
Accordingly, based on the totality of the evidence, the plaintiffs motion for summary judgment is granted as to count two and denied as to counts one and three. The defendant's motion for summary judgment is denied as to count two and granted as to CT Page 5085-dj counts one and three. Accordingly, summary judgment is entered in favor of the plaintiff in the amount of $4,977.92 in UCC damages.
Rittenband, J.
 AMERICAN HONDA FINANCE CORPORATION June 4, 1998
Mr. Harold Hunter 509 Burnside Avenue #C14 East Hartford, CT 06108
 NOTICE OF REPOSSESSION AND PRIVATE SALE
Dear Mr. Hunter:
Please be advised that by reason of your default under the terms of the Conditional Sales Contract executed by you on April 19, 1995 American Honda Finance Corporation has taken possession of the following described motor vehicle ("Vehicle"):
1991 Honda Accord Vin:#JHMCB7684MC041506 Acct #104-1425072
Notice is hereby given that American Honda Finance Corporation intends to sell the above described Vehicle as a unit at a private sale to be held on or after June 19, 1998. If you wish redeem the Vehicle you may do so by paying the balance in full $4,770.10 plus repossession and storage fees.
If you intend to redeem the vehicle full payment must be tendered to the following American Honda Finance Corporation officer: Kimberly Cove at American Honda Finance Corporation, 470 Granby Road, South Hadley, MA, 01075 prior to the above stated sale date.
The motor vehicle is presently located at Autolock Unlimited (860-282-0065). It may be examined prior to sale, by appointment.
You will be held liable for any deficiency resulting from the sale.
American Honda Finance Corporation
[EDITORS' NOTE: EXHIBIT B IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 5085-dk