[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This case arises out of the defendant's repossession of a 1991 Honda Accord (the vehicle) that was purchased by the plaintiff. The contract for purchase was a retail installment contract under the provisions of Connecticut's Retail Installment Sales Finance Act (RISFA), General Statutes § 36a-770 et seq. and the Uniform Commercial Code (UCC), General Statutes § 42a-1-101
et seq. The plaintiff also alleges that the defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq. Both parties move for summary judgment. At the hearing on March 20, 2000, the parties agreed that there are no genuine issues of material fact in dispute and that judgment in this matter should be based upon issues of law.
FACTS
The undisputed facts are:
 1. The plaintiff, on or about April 19, 1995, entered into a motor vehicle retail installment contract with Liberty Honda in the principal sum of $11,535.64. This agreement was subsequently assigned to the defendant. In accordance with the terms of the agreement, the defendant was granted a security interest in the vehicle.
 2. The plaintiff failed to pay the installment due on or about February 20, 1998, and all subsequent payments due under the terms of the contract. On or about May 22, 1998, the defendant sent the plaintiff written notice of its intention to repossess the vehicle because the plaintiff was in default of his obligations owed under the contract.
3. On June 3, 1998, the defendant repossessed the vehicle.
 4. On June 4, 1998, the defendant sent the plaintiff written notice of repossession and notified the plaintiff that the vehicle would be sold at a private sale on or after June 19, 1998.
5. At no time did the plaintiff attempt to redeem the vehicle.
6. On about August 24, 1998, the defendant sold the vehicle. CT Page 4267
 7. On or about September 1, 1998, the defendant sent the plaintiff written notice of the itemization of the disposition of the vehicle.
Additional undisputed facts will be set forth as needed hereafter.
STANDARD OF REVIEW
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Thompson Peck, Inc. v.Division Drywall, Inc., 241 Conn. 370, 374, 696 A.2d 326 (1997). Since both parties have stipulated in open court that there are no genuine issues of material fact and that summary judgment is the appropriate remedy, the Court now addresses the issues of law.
 ISSUES A RISFA
Count one alleges that the defendant violated the terms of RISFA, specifically General Statutes § 36a-785. Section36a-785 (b) provides that the holder of a retail installment sales finance contract, in this case the defendant, may serve upon the retail buyer, in this case the plaintiff, personally or by registered or certified mail, a notice of intention to retake the goods on account of the buyer's default. This is a not a mandatory requirement. However, if the holder of such contract elects to send such a notice, it must be served not less than ten days prior to the retaking of the goods, in this case the vehicle. The notice in this matter was mailed on May 22, 1998, and the date set for retaking in the notice was June 1, 1998. Excluding the terminal dates, namely May 22 and June 1 of 1998, there are only nine days in between, and, therefore, the notice sent on May 22, 1998 is invalid. This failure to send the notice at least ten days before the date set for retaking means that General Statutes § 36a-785 (c) applies in this case. Section36a-785 (c) states: CT Page 4268
 (c) Redemption. If the holder of such contract does not give the notice of intention to retake, described in subsection (b), he shall retain such goods for fifteen days after the retaking within the state in which they were located when retaken. During such period the retail buyer, upon payment or tender of the unaccelerated amount due under such contract at the time of the retaking and interest, or upon performance or tender of performance of such other condition as may be named in such contract as precedent to the retail buyer's continued possession of such goods, or upon performance or tender of performance of any other promise for the breach of which such goods were retaken, and upon payment of the actual and reasonable expenses of any retaking and storing, may redeem such goods and become entitled to take possession of the same and to continue in the performance of such contract as if no default had occurred. The holder of such contract shall within three days of the retaking furnish or mail, by registered or certified mail, to the last known address of the buyer a written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storing. For failure to furnish or mail such statement as required by this section, the holder of the contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure. If such goods are perishable so that retention for fifteen days as herein prescribed would result in their destruction or substantial injury, the provisions of this subsection shall not apply and the holder of the contract may resell the goods immediately upon such retaking.
The parties concede that the defendant retained the automobile for fifteen days after the retaking, so that is not an issue. The defendant notified the plaintiff of the retaking within three days of the retaking in a written statement that set forth the accelerated sum due under such contract and the actual and reasonable expense of any retaking and storage. The notice, however, was invalid because it did not provide a written statement of the unaccelerated sum due under the contract. See Exhibit A attached hereto which states: "If you wish (sic) redeem the Vehicle you may do so by paying the balance in full$4,770.10 plus repossession and storage fees. If you intend to redeem the Vehicle full payment must be tendered. . . ." (Emphasis added.) The defendant admits in its motion for summary judgment that Exhibit A did not comply with the statute because CT Page 4269 it set forth the accelerated balance due rather than the unaccelerated balance that was due.
The penalty to the defendant is set forth in General Statutes § 36a-785 (c) which states: "For failure to furnish or mail such statement as required by this section, the holder of the contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure. . . ." There is no question that the plaintiff is not liable for the reasonable expenses of retaking and storage. Also, the plaintiff admitted orally at the hearing before this court that he did not suffer any actual damages. The plaintiff, however, claims that he is entitled to recovery under General Statutes § 36a-785 (i) which states:
 (i) Recovery of part payments. If the holder of the contract fails to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h), after retaking the goods, the retail buyer may recover from the holder of the contract his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract.
The defendant contends that Gaynor v. Union Trust Co.,216 Conn. 458, 582 A.2d 190 (1990), precludes an award of statutory damages for any violation of § 36a-785 (c). The court agrees as to the failure to send the proper notice. In Gaynor v. UnionTrust Co., the court explained that "[f]or inadvertent misstatements in a notice of retaking, such as occurred in this case, we are persuaded that the controlling provision is not the generally applicable sanction provided in § 42-98 (i) [now § 36a-785 (i)] but is rather the specifically applicable sanction contained in § 42-98 (c) [now § 36a-785 (c)]. It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . . Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision. (Citation omitted; internal quotation marks omitted.) Gaynor v. Union Trust Co., supra, 216 Conn. 476-77. CT Page 4270
Based upon the ruling in Gaynor v. Union Trust Co., supra,216 Conn. 476-77, the plaintiff is not entitled to statutory damages under § 36a-785 (i), which is the general provision. The plaintiff is limited to the damages set forth in § 36a-785
(c), the particular provision. Since there are no actual damages, the plaintiff is not entitled to recover for the defendant's failure to provide a written statement of the unaccelerted sum due as required by § 36a-785 (c).
The penalty of actual damages applies only to the failure to furnish a proper statement pursuant to § 36a-785 (c). The defendant, however, violated subsection (c) in another respect. The relevant portion of § 36a-785 (c) states: "During such period [the fifteen days after the retaking] the retail buyer, upon payment or tender of the unaccelerated amount due under such contract at the time of retaking and interest. . . . . may redeem such goods and become entitled to take possession of the same and to continue in the performance of such contract as if no default had occurred. . . ." The defendant claims that it did not violate subsection (c) because the plaintiff never paid or tendered payment of the unaccelerated amount due. The letter (Exhibit A) misstated that the accelerated amount was due and, therefore, prevented the plaintiff from tendering the unaccelerated amount due. Based upon that letter, it would have been futile for the plaintiff to tender the unaccelerated amount due. To the extent that the defendant prevented the plaintiff from tendering proper payment of the unaccelerated amount due, the defendant violated subsection (c). No penalty is set forth in subsection (c) for preventing the tender of the unaccelerated amount due. Since subsection (c) has no specific penalty for this type of violation, the plaintiff would ordinarily be entitled to the statutory damages allowed under subsection (i).[1]
However, having done the above analysis, the court must still deny statutory damages under § 36a-785 (i). That section requires that the holder of the contract must fail to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h) as a condition of the buyer being awarded statutory damages. (Emphasis added.) Plaintiff has conceded in his Memorandum of February 25, 2000, footnote at page 10, that the defendant complied with subsections (d) and (e). Therefore, it did not violate all of the subsections cited in § 36a-785 (i).
The word "and" in that subsection means that all subsections CT Page 4271 mentioned therein must be violated for the plaintiff to recover statutory damages[2].
"In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction." (Internal quotation marks omitted.) MattatuckMuseum-Mattatuck History Society v. Administrator, 238 Conn. 273,278-79, 679 A.2d 347 (1996); Gural v. Fazzino, 45 Conn. App. 586,588, 696 A.2d 1307 (1997).
 B UCC
Count two alleges that the defendant violated the UCC, specifically General Statutes § 42a-9-501 (2) which states: "After default, the debtor has the rights and remedies provided in this part, those provided in the security agreement and those provided in section 42a-9-207." (Emphasis added.) The retail installment sales financing contract attached hereto as Exhibit B states in pertinent part: "3. Under the law, you have following rights, among others . . . (b) to redeem the property if repossessed for a default. . . ." This language in the security agreement or contract is mandated by General Statutes §36a-771 (c).[3] This language in the contract must be considered with § 36a-785 (c) which holds that to redeem the property if repossessed for a default the debtor may pay or tender the unaccelerated amount due under such contract. As previously stated, the defendant precluded or foreclosed the plaintiff from tendering the unaccelerated amount and, therefore, denied the plaintiff his right to redeem the property as described in the contract. Therefore, the defendant is liable for statutory damages under General Statutes § 42a-9-507 (1) which states: "If it is established that the secured party is not proceeding in accordance with the provisions of this part . . . If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt. . . ." Accordingly, the court finds that the defendant is liable to the plaintiff for CT Page 4272 the statutory damages under this section.[4]
 C CUTPA
Count three alleges a violation of CUTPA. In Gaynor v. UnionTrust Co., supra, 216 Conn. 475, the court explained that "[i]n consumer transactions, strict compliance with statutory provisions that prescribe the informational content of retail installment contracts is mandatory and is not excused by inadvertence." The actions of the defendant, however, must be more than inadvertent in order to qualify for a CUTPA violation. This court has no evidence before it that the sending of this letter with the incorrect demand for the accelerated amount and for the expenses and costs of retaking is other than an inadvertence. There is no evidence that it was either deliberate or that it was more than an isolated incident. Without a showing of an intent to defraud, this court cannot say that the actions of the defendant offend public policy and or that such action was immoral, unethical, oppressive or unscrupulous. Further without any actual damages being claimed, there is no way that the court can accept a claim that there has been an ascertainable loss. The statutory penalties do not qualify as an ascertainable loss. Accordingly, this court finds no violation of CUTPA by the defendant.
 DAMAGES
1. For the reasons stated no damages are awarded under RISFA.
2. For violation of the UCC, General Statutes § 42a-9-507 (1) provides in pertinent part: "the debtor has the right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of debt. . . ." According to Exhibit B the credit service charge, or as stated on Exhibit B, the finance charge is $3,824.36. The debt is the amount financed, namely $11,535.64, and ten percent thereof is $1153.56. The plaintiff, therefore, is entitled under the UCC to $4,977.92 in damages.
Accordingly, based on the totality of the evidence, the plaintiffs motion for summary judgment is granted as to count two and denied as to counts one and three. The defendant's motion for summary judgment is denied as to count two and granted as to CT Page 4273 counts one and three. Accordingly, summary judgment is entered in favor of the plaintiff in the amount of $4,977.92 in UCC damages.
RITTENBAND, J.
 EXHIBIT A AMERICAN HONDA FINANCE CORPORATION June 4, 1998
Mr. Harold Hunter 509 Burnside Avenue #C14 East Hartford, CT 06108
 NOTICE OF REPOSSESSION AND PRIVATE SALE
Dear Mr. Hunter:
Please be advised that by reason of your default under the terms of the Conditional Sales Contract executed by you on April 19, 1995 American Honda Finance Corporation has taken possession of the following described motor vehicle ("Vehicle"):
 1991 Honda Accord Vin: #JHMCB7684MCO41506 Acct #104-1425072
Notice is hereby given that American Honda Finance Corporation intends to sell the above described Vehicle as a unit at a private sale to be held on or after June 19, 1998. If you wish redeem the Vehicle you may do so by paying the balance in full $4,770.10 plus repossession and storage fees.
If you intend to redeem the vehicle full payment must be tendered to the following American Honda Finance Corporation officer: Kimberly Gove at American Honda Finance Corporation, 470 Granby Road, South Hadley, MA, 01075 prior to the above stated sale date.
The motor vehicle is presently located at Autolock Unlimited (860-282-0065). It may be examined prior to sale, by appointment.
You will be held liable for any deficiency resulting from the sale. CT Page 4274
American Honda Finance Corporation
[EDITORS' NOTE: THE EXHIBIT B FORM IS ELECTRONICALLY NON-TRANSFERRABLE.]
ADDITIONAL TERMS
Prepayment
Buyer has the right to pay this Contract in full at any time without penalty.
Security Interest
Buyer gives to Seller a Security Interest in the Vehicle and all accessories, and in all insurance premiums financed by Seller or rebates from insurance premiums, in service contract premiums and in the proceeds of any insurance policies covering the Vehicle or credit life or disability insurance policies financed hereunder, which Security interest secures the payment and performance of all obligations of Buyer under this Contract.
Late Charge
If any payment is not paid in full within 10 days after it is due. Buyer will be charged 5% of the unpaid portion of the payment or $10.00, whichever is less.
Insurance
Buyer agrees to keep the Vehicle in good condition and fully insured against loss, theft or damage with Seller named as loss payee.
If Buyer fails to maintain adequate insurance, Seller may (but is not required to) purchase such insurance to protect Seller's interest in the Vehicle. Buyer will pay the cost of such insurance on demand, with finance charges at the rate stated in this Contract.
Liability insurance coverage for bodily injury and property damage caused to others is not included in this transaction and Buyer is advised to obtain such insurance.
Default Buyer will be in default hereunder and Seller can declare all or CT Page 4275 any part of the amount Buyer owes due and payable at once for any of the following reasons
(1) Death or incompetency of the Buyer.
(2) Non-payment of indebtedness or non-performance of any obligations hereunder, when due.
(3) A falsity or material omission in any information in Buyer's application or information provided to Seller at any time.
(4) The Seller in good faith believes that the prospect of payment of all or any part of the indebtedness or the performance of the Buyer's obligations under this Contract or any other agreement now or hereafter in effect between the Buyer and Seller is impaired.
(5) Filing by or against Buyer of any kind of insolvency proceedings or of a petition in bankruptcy under the Bankruptcy Code.
(6) Making a general assignment by Buyer for the benefit of creditors, the appointment of a receiver or trustee for Buyeror Buyer's assets; or the institution by or against Buyer of any kind of insolvency, dissolution or liquidation proceedings.
(7) The occurrence of any event described above in (1), (4), (5) or (6), with respect to any guarantor or any party table lot payment to any indebtedness due hereunder
(8) Failure to keep the Vehicle in good condition or for making any alterations to the Vehicle without Seller's written consent.
Repossession
Buyer hereby irrevocably Consents to any act, not prohibited by law, by the Seller or it's Agents in entering upon any premises for the purpose of either (1) inspecting the Vehicle or (2) taking possession of the Vehicle after an event of default, without notice or demand or legal process.
Sale of Repossessed Vehicle CT Page 4276
It Seller repossesses the Vehicle, Seller can sell it and apply the money received to what Buyer owes. The sale will be governed by the Uniform Commercial Code and other applicable laws. Buyer will be liable for any deficiency incurred as a result of the sale or disposition of the Vehicle and Seller has the right to a deficiency judgment if the cash price is more than $2,000.00.
Legal Fees and Other Expenses
Buyer will owe Seller for reasonable legal fees, not exceeding 15% of the amount due and payable when an attorney, not a salaried employee of Seller, is retained, and a lawsuit is commenced. Buyer will also owe for reasonable expenses incurred to collect the amount Buyer owes upon default, either through repossession or other collection efforts. Such fees and expenses may be added to the balance owing on this Contract, together with finance charges at the rate applicable hereunder, from the date incurred.
Buyers Agreements
Buyer agrees to keep legal title to the Vehicle in Buyer's name, free from all Security Interests and other liens, except under this Contract. Buyer agrees not to take the Vehicle from the state where Buyer lives for more than 30 days without Seller's written consent.
As long as the indebtedness remains unpaid, Buyer: (a) will keep the Vehicle at Buyers address specified above; (b)will notify the Seller promptly in writing of any changes in Buyer's address from that specified herein; (c) will permit the Seller or its Agent to Agent
(3) The parties agree that the terms Buyer and Seller and Assignee as used in this Contract include their heirs, personal representatives and successors or assigns. Of those parties, if more than one Buyer executes this Contract, the term Buyer includes each of the "Buyers" as well as all of them.
Limitations on Seller's Liability
Buyer agrees that in the event the Seller takes possession of the Vehicle in accordance with this Contract, the Seller's liability for any and all personal property of the Buyer or any other party which was in or about the Vehicle at the time the CT Page 4277 Seller takes possession of the Vehicle and which was inadvertently taken with the Vehicle shall be limited to a maximum of $50.00.
Sellers Assignment
Seller hereby sells, assigns and transfers to the Assignee named below, its entire right, title and interest in this Contract, any security therefor, and any guarantee, subject to the endorsement below and subject to any written agreement that is in effect between the Seller and Assignee.
Seller represents and warrants as follows
1. This Contract is and will remain genuine, legally valid and enforceable.
2. The subject Vehicle has been delivered to the Buyer who has purchased same for his own use and benefit unless otherwise stated.
3. All of the facts set out in the Contract concerning total sale price, downpayment and trade in are true.
4. we have complied in good faith with all disclosure requirements and provisions of state and Federal laws applicable to this Contract.
5. This written Contract is the entire agreement between Seller and Buyer.
All warranties are made to induce the Assignee to purchase the Contract. If there is a breach of any of the warranties or if Buyer asserts any defenses under the Contract, Seller will on demand, repurchase this Contract for the balance then remaining unpaid plus all losses and expenses paid or incurred by Assignee in connection with the Contract. Seller waives all demands and notices of default and consents that, without notice to Seller, Assignee may extend time to or compromise or release by operation of law or otherwise any right against the Buyer or any other obligor.
The Vehicle is being purchases for personal or household use. Buyer will not use the Vehicle for any business purpose so long as there is a balance due under this Contract. CT Page 4278
Assignee is American Honda Finance Corporation (AHFC) unless otherwise specified below.
Seller's Endorsement
The above assignment by Seller is made upon the endorsement and agreement indicated below
 With Full Recourse and Unconditional Guarantee INITIAL Seller guarantees payment of the unpaid balance on the said Contract as and when the same shall become due
 Full Repurchase INITIAL If AHFC repossesses the Vehicle, Seller will upon AHFC's demand pay AHFC the then unpaid balance, provided the Vehicle is offered to us within ninety (90) days after maturity of the earliest installment still wholly in default.
 Without Repurchase INITIAL
 Limited Repurchase INITIAL
 If Buyer fails to pay installments, undersignee will repurchase the Vehicle upon repossession and will pay therefor the unpaid portion of the Total Balance.
 Partial Guarantee INITIAL Undersigned, upon default of this Contract will pay AHFC on demand $
[EDITORS' NOTE: THE FORM IS ELECTRONICALLY NON-TRANSFERRABLE.]
AGREEMENT: The undersigned Seller agrees to sell and the undersigned Buyer, jointly and severally if more than one, agrees to purchase the Vehicle (with all equipment included) and services described above, subject to terms of this Contract.
PROMISE TO PAY: Buyer promises to pay to Seller, at the above address, or other address that may be specified, the Amount CT Page 4279 Financed shown above, plus finance charges at the Annual Percentage Rate shown above computed on the unpaid balance outstanding from time to time, plus any applicable delinquency and other charges provided in this Contract or otherwise provided by law. Monthly payments are due in the amount and at the times shown above; the final payment will be adjusted to reflect additional or lesser amounts due on the final payment date. The actual amount of the final payment will depend upon whether Buyer makes payments on time. Early payments will have the effect of reducing the final payment, while late payments will cause it to be higher.
ASSIGNMENT: Buyer agrees that this Contract may be assigned by the Seller. Buyer agrees that if this Contract is assigned by the Seller, the Assignee shall have all rights of the Seller under this Contract.
THERE ARE OTHER TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF WHICH ARE INCORPORATED HEREIN AND BINDING UPON YOU.
NOTICE TO BUYER OF USED VEHICLE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
BUYER: By your signature on the date shown below, you acknowledge that you have read and understand both sides of this Contract, which was completely filled in prior to your execution hereof, and have received a fully executed copy thereof. You also acknowledge receipt of the Vehicle described above in good condition.
CO-SIGNER: By my signature on the date shown below, I acknowledge that I have reed and understand both sides of this Contract. I agree to pay the debt in this Contract although I may not personally receive any property and I understand that Seller might demand payment from me before demanding payment from any other person or before Seller repossesses the Vehicle. I understand that I may be sued for payment although the Buyer hereunder is able to pay.
 NOTICE TO THE BUYER OR CO-SIGNER
1. Do not sign this contract before you read it or if it contains any blank space. CT Page 4280
2. You are entitled to a completely filled-in copy of the Contract when you sign it.
3. Under the law, you have the following rights, among others: (a) to pay off in advance the full amount due and obtain a partial refund of any unearned finance charge;
(b) to redeem the property if repossessed for a default;
(c) to acquire, under certain conditions, a resale of the property, if repossessed.
Buyer's Signature ____________________ Date
Buyer's Signature ____________________ Date
SELLER-CREDITOR
Dealer's Signature _____________________ Date
Title_______________________________
Co-Signer's Signature ____________________ Date
Co-Signer's Signature ____________________ Date
Name _________________________________________________ (Please Print)
Address ______________________________________________
City/State _____________________ Zip Code ___________
ORIGINAL
Buyer owes upon default, either through repossession of other collection efforts. Such fees and expenses may be added to the balance owing this Contract, together with finance charges at the rate applicable hereunder, from incurred CT Page 4281
Buyer's Agreements
Buyer agrees to keep legal title to the Vehicle in Buyer's name, free from all Security Interests and other liens, except under this Contract. Buyer agrees not to take the Vehicle from the state where Buyer lives for more than 30 days without Seller's written consent
As long as the indebtedness remains unpaid, Buyer: (a) will keep the Vehicle at Buyer's address specified above; (b) will notify the Seller promptly in writing of any change in Buyer's address from that specified herein; (c) will permit the Seller or its Agents to inspect the Vehicle, and (d) will prevent the Vehicle or any part thereof from being or becoming an accession to other goods not covered by this Contract.
Seller's Rights
If Buyer fails to make any payments to others as required herein or fails to perform any of Buyers obligations hereunder, Seller may make such payment or take such action as may be necessary on Buyers behalf and add this cost to Buyers account which will bear finance charges at the applicable rate hereunder from the date incurred
Seller may delay enforcing any of Seller's rights under this Contract without losing them Seller may apply any amount Seller receives from Buyer first to Seller's accrued charges Seller may assign any of Seller's rights under this Contract without Buyer's consent.
Applicable Law
Questions about this Contract will be settled by Connecticut Law except as modified by Federal law and regulations.
Entire Agreement
All agreements between the Buyer and the Seller are set forth in this Contract and no modification of this Contract shall be valid unless it is made in writing and signed by the Buyer and the Seller.
Severability CT Page 4282
If any part of this Contract is not enforceable, this will not make any other part unenforceable.
If this Contract, or any provision of it, is not in conformance with applicable law, the Contract is deemed amended to conform.
Miscellaneous
(1) If Buyer appoints the Seller as Buyers attorney in fact to execute any notices, financing or other statements in Buyer's name and to perform all other acts which are deemed appropriate to perfect or to continue perfection of the Security interest.
(2) Buyer authorizes the Seller to collect and apply against the indebtedness any refund of insurance premiums or any insurance proceeds payable on account of the loss of or damage to the Vehicle.
[ ] Limited Repurchase (INITIAL)
 If Buyer fails to pay installments, undersigned will repurchase the Vehicle upon repossession and will pay therefor the unpaid portion of the Total Balance.
[ ] Partial Guarantee (INITIAL)
 Undersigned upon default of this Contract will pay AHFC on demand $
Date of Assignment _____________________________________________________
Seller's Name __________________________________________________________
Title __________________________________________________________________
Seller's Signature _____________________________________________________ (Partner, Officer, or other Authorized Individual)
Guarantee
The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing CT Page 4283 on the Contract. The undersigned waive notice of acceptance of this guarantee, of any extensions in time of payment, of sale of any Vehicle and of all other notices to which the undersigned would be otherwise entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against Buyers.
Guarantor ______________________________________________
Guarantor ______________________________________________
Notice
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.