CHASE MANHATTAN MORTGAGE CORPORATION *v.*
MANUEL MACHADO, JR., ET AL.
(AC 23562)

Schaller, Bishop and McLachlan, Js.

Argued February 10—officially released June 1, 2004

*Byron Paul Yost,* with whom, on the brief, was *Virginia Scott Devlin,* pro se, for the appellant (defendant).

*Jennifer S. Allison,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant Virginia Scott Devlin-Machado (Devlin-Machado) appeals from the trial court's decision rendering summary judgment in favor of the plaintiff, Chase Manhattan Mortgage Corporation (Chase), and the judgment of foreclosure by sale.[1] Devlin-Machado claims that the court improperly granted Chase's summary judgment motion because there were genuine issues of material fact to support her claims

---

[1] The defendants in the trial court were Virginia Scott Devlin-Machado and her husband, Manuel Machado, Jr. Devlin-Machado filed the present appeal pro se as to her liability only. We therefore refer to her as the defendant.

of fraud and duress.[2] We affirm the judgment of the trial court.[3]

On May 31, 2000, Devlin-Machado and her husband, Manuel Machado, Jr., executed a promissory note in favor of Northeast Mortgage, LLC (Northeast), in the amount of $190,400 secured by a mortgage on property in Bethlehem. The note was eventually assigned to Chase. In June, 2001, Chase commenced this foreclosure action after the Machados defaulted on the note. On October 16, 2001, the court granted Chase's motion for summary judgment as to liability only with respect to Devlin-Machado's husband. On May 20, 2002, Devlin-

---

[2] Devlin-Machado also claims that the court abused its discretion in rendering summary judgment because Chase did not assert "any independent right to assume the special status of a holder in due course" and that the court improperly did not allow her "to argue the doctrine of unclean hands as it applies to the plaintiff." We need not address those two issues because they were not raised at trial and, therefore, are not preserved for appeal. See *Yale University* v. *Blumenthal*, 225 Conn. 32, 36 n.4, 621 A.2d 1304 (1993). Chase also makes numerous conclusory assertions and claims on appeal that lack both law or analysis in support thereof. We need not review those claims because the plaintiff did not adequately brief the issues. See *State* v. *Parrott*, 262 Conn. 276, 290 n.18, 811 A.2d 705 (2003).

[3] Chase argues, as a threshold matter, that because the rendering of summary judgment as to liability only against Devlin-Machado was a final judgment under Practice Book § 61-3 and because Devlin-Machado did not file a notice of intent to appeal within twenty days of that decision, Devlin-Machado's appeal should be dismissed as untimely.

First, because Chase did not file a motion to dismiss the appeal pursuant to Practice Book § 66-8, Chase is deemed to have waived its right to seek dismissal of Devlin-Machado's appeal as being untimely. See *McCarthy* v. *Bridgeport*, 21 Conn. App. 359, 361 n.1, 574 A.2d 226, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990). Further, "[t]he purpose of filing a notice of intention to appeal is to preserve until the end of the action an aggrieved party's right to appeal an order that is a final judgment in its own right." *Wallingford Center Associates* v. *Board of Tax Review*, 68 Conn. App. 803, 806 n.3, 793 A.2d 260 (2002). We previously have held that the granting of a motion for summary judgment in a foreclosure action, without a determination by the trial court of the method of foreclosure and the amount of the debt, is not a final judgment. See *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 597 A.2d 1289 (1991). Consequently, because the appeal could not have been filed until after the judgment of foreclosure by sale was rendered, there was no need for Devlin-Machado to file a notice of intent to appeal.

Machado filed a revised answer and two special defenses. The first special defense alleged in relevant part that "[t]he making and execution of the underlying Promissory Note and Mortgage Deed, by [Devlin-Machado], were the product of fraud committed upon her by her former spouse, the co-defendant herein, [Manuel] Machado, Jr. . . . of which said fraud, [Northeast], the mortgagee, participated in or was aware." Devlin-Machado alleged that her husband falsely had represented that he received $2638 per month from the United States Department of Veteran Affairs for a disability pension when the actual amount received was $2036. She further alleged that Northeast was aware of that discrepancy when Northeast submitted the application containing the false income information to Ohio Savings Bank (Ohio Savings) for underwriting approval. The second special defense alleged in relevant part that Devlin-Machado "was compelled and coerced to execute and make the obligation to the mortgagee, by signing a promissory note and mortgage, as a result of acts and threats of [her husband] which were wrongful and not permitted by law," and that "[t]he making and execution of the loan was a result of duress."

On June 24, 2002, Chase filed a motion for summary judgment as to liability only with respect to Devlin-Machado. On July 15, 2002, the court granted the motion with the notation: "See *New Haven Savings Bank* v. *LaPlace*, 66 Conn. App. 1 [783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426] (2001); *First Charter National Bank* v. *Ross*, 29 Conn. App. 667, 672 [617 A.2d 909] (1992) [appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1994)]." On September 23, 2002, the court rendered judgment of foreclosure by sale, finding the debt to be $227,582, and the fair market value of the property to be $275,000. The court ordered the foreclo-

sure sale to take place on December 7, 2002. Devlin-Machado filed the present appeal on October 15, 2002.

"We exercise plenary review over a trial court's decision to grant a motion for summary judgment. . . . Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 80 Conn. App. 432, 434–35, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004).

I

Devlin-Machado first claims that the court improperly rendered summary judgment because a material issue of fact exists to support her first claim and special defense of fraud.[4] Specifically, Devlin-Machado argues that Chase had constructive notice of the alleged fraud that was committed against her by her husband and the original mortgagee, Northeast. We disagree.

"Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . .

---

[4] The record does not contain either a memorandum of decision or a transcribed copy of an oral decision. See Practice Book § 64-1. We frequently have declined to review claims when the appellant has failed to provide the court with an adequate record for review. See, e.g., *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997). Our Supreme Court has held that when essential facts are undisputed and the claim involves a question of law, the record is adequate for review. See *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 395–96, 757 A.2d 1074 (2000). We conclude that the record is adequate for review in the present case because there are no relevant facts in dispute, and Devlin-Machado's claims involve questions of law.

The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705–706, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002). Fraud is an equitable defense to a foreclosure action. Id.

"Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action. . . . The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment." (Internal quotation marks omitted.) *Carr* v. *Fleet Bank*, 73 Conn. App. 593, 595, 812 A.2d 14 (2002).

Because specific acts must be pleaded, the mere allegation that a fraud has been perpetrated is insufficient. *Maruca* v. *Phillips*, 139 Conn. 79, 81, 90 A.2d 159 (1952). Devlin-Machado did not allege any conduct on the part of Chase that was done to induce her to act. Her claim alleges merely that Northeast was aware of the approximately $600 discrepancy in income received from the United States Department of Veteran Affairs when Northeast submitted the application to Ohio Savings. That does not amount to a claim of fraud against Chase because she failed to allege that either the conduct of Chase or Northeast induced her to act to her detriment.

If anything, the facts alleged by Devlin-Machado could amount to a claim of fraud being committed against Ohio Savings by her former husband but not against her. Further, a spouse's fraud in inducing a spouse to execute a mortgage "does not invalidate it as against the mortgagee unless the mortgagee in some way participated in or knew of the fraud." (Internal quotation marks omitted.) *First Charter National Bank* v. *Ross*, supra, 29 Conn. App. 672. Devlin-Machado did not allege any specific facts showing that the original mortgagee, Northeast, knowingly participated in any fraud against her. She claims only that Chase had constructive notice of the fraudulent circumstances under which the original promissory note was secured. Consequently, because Devlin-Machado cannot satisfy the third element of an action in fraud, summary judgment was appropriate.

## II

Devlin-Machado next claims that the court improperly rendered summary judgment because a material issue of fact exists to support her claim and special defense of duress. Specifically, Devlin-Machado argues that she was compelled and coerced into signing the promissory note as a result of acts and threats of her husband.

"The classical or common law definition of duress is any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition." (Internal quotation marks omitted.) *Jenks* v. *Jenks*, 34 Conn. App. 462, 465, 642 A.2d 31 (1994), rev'd on other grounds, 232 Conn. 750, 657 A.2d 1107 (1995). The defendant must prove: "[1] a wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim. . . . The wrongful conduct at issue

could take virtually any form, but must induce a fearful state of mind in the other party, which makes it impossible for [the party] to exercise his own free will." (Citation omitted; internal quotation marks omitted.) *Noble* v. *White*, 66 Conn. App. 54, 59, 783 A.2d 1145 (2001).

As with Devlin-Machado's claim of fraud, she failed here to allege that Chase participated in or knew of the alleged duress. Devlin-Machado alleged only that she signed the promissory note under duress caused by her husband's conduct. We will not invalidate a mortgage agreement against the mortgagee unless it participated in the alleged duress or had reason to know of its existence. Cf. *First Charter National Bank* v. *Ross*, supra, 29 Conn. App. 672 (holding fraud does not invalidate mortgage agreement against mortgagee unless mortgagee participated in or knew of fraud). Accordingly, the court properly rendered summary judgment because there was no genuine issue of material fact to support her claim and special defense of duress.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.