LORICCO TOWERS CONDOMINIUM ASSOCIATION *v.*
EDMUND L. PANTANI
(AC 24994)

Dranginis, Harper and Peters, Js.

Argued March 28—officially released July 5, 2005

*Max F. Brunswick*, for the appellant (defendant).

*Vikki Cooper*, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. This appeal stems from the trial court's judgment of strict foreclosure of three judgment liens, which the plaintiff, LoRicco Towers Condominium Association, filed on property that the land records indicate belongs to the defendant, Edmund L. Pantani. On appeal, the defendant claims that the court (1) did not have subject matter jurisdiction, (2) improperly granted the plaintiff's motion to strike the defendant's special defense that he did not own the property and

(3) improperly rendered judgment of strict foreclosure when the plaintiff had actual knowledge that the defendant was not the owner of the subject premises. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. On June 2, 1971, the defendant purchased, by way of warranty deed, the subject premises, lot 2, on Old Ridge Road in New Haven. That deed was recorded on June 7, 1971. In 1980, the defendant executed a ground lease, for a period of ninety-three years and nine months, in favor of Melrose Apartments, Inc., which was to file the appropriate documents to form a condominium association subsequent to filing the ground lease. For conveying that interest to Melrose Apartments, Inc., the defendant was to receive an annual payment of $1776 as a base rental fee subject to an increase every five years based on the consumer price index. The ground lease included an option to purchase for the condominium owners who took possession of the subject premises. The court made no finding that this option had been exercised to date.

Beginning in 1997, the plaintiff sought, and obtained, several judgments against the defendant. Three of those judgments, the first for $2247.12 plus costs, the second for $2500 plus costs and the third for $9135.07 plus costs, provide the basis for this foreclosure action. On the basis of those unsatisfied judgments, the plaintiff filed three judgment liens against the subject premises. Both the judgment lien certificates and the plaintiff's complaint clearly indicate that the liens are against the real property encumbered by the ground lease.

In February, 2002, the plaintiff sought to foreclose on the three judgment liens encumbering the subject premises, claiming that moneys due remained unpaid in whole. On April 8, 2002, the defendant was defaulted

for failing to appear, and on April 22, 2002, he filed his pro se appearance. On May 15, 2002, the defendant again was defaulted, this time for failure to plead. The defendant filed his answer on June 4, 2002, in which he alleged that he was not the owner of the subject premises, but held title to the premises solely as trustee for a family trust. The defendant claimed that the plaintiff had actual knowledge of the trust. The defendant asserted that claim both as a denial and as a special defense.[1] The plaintiff filed a motion to strike the defendant's special defenses, which was granted on February 14, 2003. The defendant apparently did not appear for a hearing on the motion to strike, for he later requested reargument and reconsideration of the motion to strike, claiming that he had not received notice that the motion was on the calendar. That request was denied. The plaintiff thereafter filed a motion for a judgment of strict foreclosure. On December 18, 2003, the court held a hearing on the motion, after which it rendered a judgment of strict foreclosure. The defendant has appealed to this court. Additional facts will be set forth where necessary.

I

The defendant claims that the court lacked subject matter jurisdiction to foreclose on the subject premises because he was not the owner of the premises.[2] The

---

[1] The defendant raised a number of other special defenses and a counterclaim, all of which were stricken pursuant to the plaintiff's motion and none of which are the subject of this appeal.

[2] The defendant also briefly raised, during oral argument to this court, a claim that the trial court lacked subject matter jurisdiction because this was an action on a ground lease. In raising his claim, the defendant argues that to allow foreclosure on a ground lease would place tenants in the precarious position of facing eviction by a judgment lien holder, not a landlord, from an apartment or other unit in which they had only a temporary leasehold interest. We find that line of argument not to be implicated by the facts of this case. The complaint indicates that the plaintiff sought foreclosure of the defendant's reversionary interest in the real property, not a leasehold interest, an indication reinforced by the appraisal of the real property submitted by the plaintiff. Furthermore, both the Condominium

defendant specifically argues that although he is the record owner of the subject premises, the plaintiff had actual knowledge that the property had been transferred to a family trust. He claims that the court cannot foreclose on property when the unrecorded but known owner of the property is not a party to the foreclosure action.

The defendant has provided this court with no case law to support his position. The defendant also has failed to provide this court with a record sufficient for us to determine whether the trial court in fact found that he was not the owner of the subject premises and that, if he is not the owner, the plaintiff had actual knowledge of that fact.[3] Despite the absence of the factual bases for the court's conclusion that subject matter jurisdiction exists in the present case, we will consider the question of subject matter jurisdiction because, once raised, the question of subject matter jurisdiction must be answered before we can address the other issues raised. *Rayhall* v. *Akim Co.*, 263 Conn. 328, 337, 819 A.2d 803 (2003). Whether the court has subject matter jurisdiction is a question of law over which our review is plenary. *Roos* v. *Roos*, 84 Conn. App. 415, 418, 853 A.2d 642, cert. denied, 271 Conn. 936, 861 A.2d 510 (2004). Although a clear factual record is

Act of 1976, General Statutes § 47-68a et seq., and the Common Interest Ownership Act, General Statutes § 47-200 et. seq., grant subject matter jurisdiction for foreclosure of all interests in such property, with no stated exception for ground leases or other leasehold interests. See General Statutes §§ 47-68a (m), 47-72, 47-77 and 47-237 (k) and (*l*).

[3] At a hearing on the motion for a judgment of strict foreclosure, the court, *Pittman, J.*, concluded that the defendant's ownership or lack thereof was irrelevant to the issue of subject matter jurisdiction. The court, however, in reaching that conclusion, appeared to rely heavily on the previous ruling of the court, *Hon. Donald W. Celotto*, judge trial referee, striking the defendant's special defense of lack of ownership. See part II. A motion for articulation of the court's judgment, on either the motion for a judgment of strict foreclosure or the motion to strike, could have informed this court of the factual bases for the trial courts' conclusions.

preferred, ultimately we agree with the court that the fact of the defendant's ownership is irrelevant to the existence of subject matter jurisdiction in this case, and we therefore are able to review the court's conclusion without the factual bases generally required.[4]

"Subject matter jurisdiction involves the authority of a court to adjudicate the *type* of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . . *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999)." (Emphasis in original; internal quotation marks omitted.) *Olympus Healthcare Group, Inc.* v. *Muller*, 88 Conn. App. 296, 300, 870 A.2d 1091 (2005). Undoubtedly, the Superior Court has jurisdiction to hear and to decide foreclosure actions, and General Statutes § 52-380a (c) extends

---

[4] Notwithstanding our willingness and ability to review the defendant's claim in the present case, we continue to adhere to the general rule that the appellant bears the burden of providing this court with a record sufficient for review. "It is well established that the appellant bears the burden of providing an appellate court with an adequate record for review. Practice Book § 61-10; *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 33–34, 727 A.2d 204 (1999); *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998). 'It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . .' *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, supra, 53; accord *Rivera* v. *Double A Transportation, Inc.*, supra, 34; cf. C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 4.3 (a), p. 4-5." *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 394–95, 757 A.2d 1074 (2000).

the remedy of foreclosure to those who hold judgment liens.[5] Additionally, the plaintiff in this case, pursuant to § 52-380a (c), has the standing necessary to invoke the jurisdiction of the court as the holder of three judgment liens it filed against the subject premises.

The defendant claims, however, that the court lacked subject matter jurisdiction because he is not the owner of the property being foreclosed. It is the defendant's position that the court lacks subject matter jurisdiction over a foreclosure action when not all persons having an interest in the subject property have been made parties to the action. It is well settled that those having an interest in real property who are not joined as parties in litigation affecting that property will not be bound by the court's judgment. *Gill* v. *Shimelman*, 180 Conn. 568, 571, 430 A.2d 1292 (1980). Although it is true that, largely driven by prudential reasons, "the well-established rule of this jurisdiction [is] that a court should not determine questions unless all persons whose interests will be affected are parties to the action"; (internal quotation marks omitted) *Graham* v. *Zimmerman*, 181 Conn. 367, 375, 435 A.2d 996 (1980); the failure to join such parties does not deprive the court of subject matter jurisdiction. F. James, Civil Procedure (1965) § 9.23, p. 432 n.8; see also *Hilton* v. *New Haven*, 233 Conn. 701, 721, 661 A.2d 973 (1995); *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 636, 563 A.2d 293 (1989). Rather, as indicated previously, a "judgment decreeing that the plaintiff is the owner of land will not bind nonparties who claim title . . . [to] it . . . [although] it will undoubtedly cast a cloud on their title . . . ." (Internal quotation marks omitted.) *Graham* v. *Zimmerman*, supra, 374.[6] The decision of the court will

[5] General Statutes § 52-380a (c) provides in relevant part: "A judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property. . . ."

[6] If, as he claims, the defendant is concerned that the interests of the beneficiaries for whom he holds the trust will be affected adversely by the court's ruling, he could have sought to join them in litigation as necessary

apply only to the parties whose interests are directly before the court.

For a court to have subject matter jurisdiction over a foreclosure action, it is the plaintiff, not the defendant, who needs standing so as to invoke that jurisdiction. We therefore conclude that the court had subject matter jurisdiction over this action regardless of whether the defendant, the owner of record, retained title to the subject premises.

## II

The defendant also claims that the court improperly granted the plaintiff's motion to strike his special defense that alleged that he was not the owner of the subject premises. He claims that he would have been able to prove that the plaintiff had actual knowledge of the transfer of ownership into the family trust. The plaintiff argues, however, that even if the defendant could have proven such knowledge, the claim is not a legally sufficient special defense. We agree with the plaintiff.

"[T]he standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency."

parties rather than to dismiss the litigation in its entirety. See Practice Book § 9-6.

At this time, we issue no opinion on the effect that the failure to record a document purporting to transfer an interest in land would have in an action to quiet title between the plaintiff who prevails in a foreclosure action such as this, where the judgment lien was recorded after the date on which the property purportedly was transferred, and one with an unrecorded interest in land who was not a party to the foreclosure action.

(Internal quotation marks omitted.) *Homecomings Financial Network, Inc.* v. *Starbala,* 85 Conn. App. 284, 287, 857 A.2d 366 (2004).

"Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." (Internal quotation marks omitted.) *Chase Manhattan Mortgage Corp.* v. *Machado,* 83 Conn. App. 183, 187–88, 850 A.2d 260 (2004). None of the defenses, however, whether defenses in law or in equity, addresses the defendant's lack of ownership of the property.[7] Furthermore, because such a defense alleges facts that differ from those contained in the plaintiff's complaint, it is more properly raised as a special denial rather than as a special defense. See Practice Book § 10-50. The court, therefore, properly granted the plaintiff's motion to strike the defendant's special defense alleging lack of ownership.

### III

The defendant's final claim is that the court improperly rendered judgment of strict foreclosure after he

---

[7] The file indicates that the court granted the plaintiff's motion to strike the defendant's special defenses in February, 2003. Four months later, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike, in which he indicated that his special defense of lack of ownership actually addressed the validity of the lien. Not only was that memorandum of law filed long after the time in which such filings are permitted had expired; see Practice Book § 10-42 (b); but the defendant also did not permit the court to have the benefit of that argument when it ruled on the motion to strike, because the defendant did not appear at the scheduled hearing. Because the court did not have the benefit of that argument, we do not consider it when determining whether the court properly granted the plaintiff's motion to strike the special defense of lack of ownership. See *State* v. *Carter,* 34 Conn. App. 58, 84, 640 A.2d 610 (1994) ("[t]o review the defendant's claim, which [was] not before the trial court, would result in a trial by ambuscade of the trial judge" [internal quotation marks omitted]), rev'd on other grounds, 232 Conn. 537, 656 A.2d 657 (1995).

had presented undisputed evidence that the plaintiff had actual knowledge that he did not hold title to the subject premises. That evidence was presented solely in the form of the defendant's testimony. We are unable, however, from the record before us, to determine whether the court rendered judgment in favor of the plaintiff because it found the defendant's claim legally insufficient to bar foreclosure or because it simply did not credit the defendant's testimony. See *Battistoni* v. *Weatherking Products, Inc.*, 41 Conn. App. 555, 564, 676 A.2d 890 (1996) ("[i]ssues of credibility . . . are exclusively within the province of the trier of fact"). The defendant bears the burden of providing this court with an adequate record. See footnote 4. He has provided us with neither a memorandum of decision nor an articulation from the trial court providing the legal and factual bases of its decision. Without a sufficient record, we cannot engage in meaningful review of the court's decision with regard to that issue. See *Bebry* v. *Zanauskas*, 81 Conn. App. 586, 594, 841 A.2d 282 (2004).

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.