# STEPHEN CHIULLI *v.* NANCY ZOLA ET AL.
## (AC 26584)

Gruendel, Lavine and Dupont, Js.

Argued April 21—officially released September 26, 2006

*Andrew B. Bowman,* for the appellant (plaintiff).

*Alex K. Sherman,* with whom, on the brief, was *David M. Cohen,* for the appellee (named defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Stephen Chiulli, appeals from the judgment of the trial court rendered following the granting of the motion to dismiss filed by the defendant Nancy Zola on the basis of lack of subject matter jurisdiction.[1] The plaintiff's sole claim on appeal is that the court improperly granted the defendant's motion to dismiss because he alleged facts sufficient to confer subject matter jurisdiction on the court. We agree with the court that the plaintiff lacks standing to obtain the remedy of foreclosure of the mechanic's lien at issue in the name of his corporation. We also agree with the plaintiff that he has standing to pursue his remaining claims to obtain other remedies. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court.

The following facts, alleged by the plaintiff and reasonably garnered from the record, are relevant to our resolution of his appeal. Prior to 1998, the plaintiff, as the sole owner of Transformations, Inc. (Transformations),[2] performed carpentry and home improvement work for the defendant pursuant to written contracts. In 1998, the defendant purchased the property located at 39 Tyler Drive in Stamford. Shortly thereafter, the parties, who had become romantically involved, began

---

[1] The additional defendants are lienholders and mortgagees. They are not involved in this appeal. We therefore refer in this opinion to Zola as the defendant.

[2] The plaintiff is the president of Transformations, which is not a party in this action.

discussing extensive remodeling plans for the property. The plaintiff alleged that after the defendant made representations to him that the property would be their joint asset, he performed carpentry, general contracting and renovation services for her without a written contract. The plaintiff alleged in his complaint that his services were performed in accordance with the promise of the defendant that she would pay for the materials, he would provide the labor and they would share in the profits from the house.

In March, 2000, the plaintiff moved into the defendant's residence, and the parties orally agreed that they would share the expenses of the household. In addition, the plaintiff alleged that the parties reaffirmed their oral agreement that the property was their common home and that if it was sold, the profit realized thereon would be divided between them equally. For the next three years, the plaintiff furnished materials and rendered services in connection with substantial renovation and construction of the property. The plaintiff further alleged that the defendant orally agreed to reimburse him for his expenses to improve the property.

In 2001, after expending $100,000 worth of labor on the project, the plaintiff alleged that he asked the defendant on several occasions for a written contract to protect his investment. In response, the defendant reassured the plaintiff that he did not "need anything in writing" and that the house was part of "our retirement." The plaintiff further alleged that the defendant also told him that they would share in the appreciation of the property and that he would receive payment for the services that he was performing when the house was sold.

On March 29, 2003, the plaintiff finished the final work needed to obtain a certificate of occupancy for the property. The next day, the defendant called the

police to escort the plaintiff off the property. The plaintiff commenced this action on April 3, 2003, and filed a certificate of mechanic's lien on April 8, 2003, to secure the balance of $295,805 allegedly due to him pursuant to the labor and materials portion of the oral agreement.

On August 18, 2004, the plaintiff filed his third amended complaint[3] alleging (1) breach of an oral contract, (2) quantum meruit, (3) unjust enrichment and (4) fraud. The first count of the complaint sought compensatory damages for breach of contract, and also contained allegations and claims for relief related to foreclosure of the mechanic's lien. Additionally, in his claims for relief, the plaintiff sought compensatory damages for the remaining counts and punitive damages on the fraud count.

On September 1, 2004, the defendant filed a motion to dismiss the third amended complaint, claiming that the plaintiff did not have standing as an individual to sue and, therefore, the court did not have jurisdiction. Specifically, the defendant claimed that, because the mechanic's lien was in the name of Transformations rather than in the name of the plaintiff individually, any alleged contract was between her and Transformations and not between her and the plaintiff. In support of her motion to dismiss, the defendant also attached evidence that all of the invoices for work performed and materials supplied in connection with the renovations were issued by Transformations, not the plaintiff. On November 29, 2004, the plaintiff filed his objection to the motion to dismiss, claiming that he was a party to the alleged contract with the defendant. The plaintiff also

---

[3] After the plaintiff filed his second amended complaint on January 29, 2004, the defendant filed a motion to strike the complaint. The motion to strike was granted in part by the court on August 4, 2004. Pursuant to Practice Book § 10-44, the plaintiff timely filed the third amended complaint on August 18, 2004.

claimed that he was the general contractor and that Transformations acted as a subcontractor for the oral agreement that he allegedly had with the plaintiff.

On May 4, 2005, following a hearing, the court granted the defendant's motion to dismiss, finding that the plaintiff did not have standing to pursue his complaint. Specifically, the court determined that Transformations, and not the corporation's principal, the plaintiff, had entered into an agreement with the defendant to provide labor and materials in connection with renovating her house. In support of this determination, the court found that the mechanic's lien was in the name of Transformations, and, therefore, the defendant's alleged oral agreement was with the corporation. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to dismiss because he alleged facts sufficient to confer subject matter jurisdiction on the court. Specifically, the plaintiff argues that he had standing individually to bring his complaint. We agree that the plaintiff has standing as an individual to bring each count of his complaint and that the court improperly granted the motion to dismiss.[4]

The standard of review on a challenge to a court's granting of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the

---

[4] The plaintiff has alleged facts sufficient to establish individual standing to sue the defendant for breach of contract, quantum meruit, unjust enrichment and fraud. Thus, we do not reach his additional claim that he was a third party beneficiary of the contract between the defendant and Transformations.

court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *First Union National Bank* v. *Hi Ho Mall Shopping Ventures, Inc.*, 273 Conn. 287, 291, 869 A.2d 1193 (2005).

"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [W]hen standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the [party] has a legally protected interest [that may be remedied]." (Citation omitted; internal quotation marks omitted.) *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 579, 833 A.2d 908 (2003).

"Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty,

that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 538, 893 A.2d 389 (2006).

We conclude that the plaintiff has met the first prong for showing aggrievement. Specifically, we conclude that the plaintiff has alleged in his complaint facts sufficient to support a finding that he has a specific, personal and legal interest in each cause of action. More particularly, the plaintiff alleged that he had an oral agreement with the defendant to renovate the property extensively, with the plaintiff supplying the materials and the labor and the defendant supplying money for materials. In addition, the plaintiff alleged that their agreement was that he would receive not only the money for materials but also a share in the profits from the appreciation of the house. Construing the complaint in the light most favorable to the pleader, the plaintiff has alleged a specific, personal and legal interest in each claim that is distinguished from a general interest or any interest of Transformations.

We now turn to whether the plaintiff has alleged facts sufficient to meet the second prong of the test for aggrievement for each count of his complaint. The second prong involves a determination of whether he has been injured by the challenged action. We begin with the first count of the plaintiff's complaint for breach of contract. The defendant argues that the plaintiff has no individual standing to sue for breach of contract because he has requested in his complaint foreclosure of the mechanic's lien on behalf of his corporation. The mechanic's lien was filed in the land records in the name of Transformations. Thus, in order to have standing to foreclose on the mechanic's lien, the plaintiff would need to bring the breach of contract

action on behalf of Transformations as either its president[5] or a shareholder.[6] The plaintiff has not done so here. Accordingly, we agree that the court correctly determined that the plaintiff does not have standing as an individual to obtain the relief of a foreclosure of the mechanic's lien in this action.

The defendant's focus on the mechanic's lien, however, fails to take into consideration the fact that the plaintiff's prayer for relief on the breach of contract claim was twofold. The plaintiff first sought foreclosure of the mechanic's lien, essentially attempting to assert a claim belonging to Transformations. The plaintiff's second request for relief, however, sought compensatory damages for the breach of contract claim, essentially attempting to obtain relief for wrongs to him personally. Because of this additional request for relief, we must determine if the plaintiff has alleged facts sufficient to support his individual standing to bring a claim for breach of contract seeking compensatory damages.

"The elements of a breach of contract action are the formation of an agreement, performance by one party,

---

[5] "It is well settled in Connecticut law that [c]orporate presidency per se does not confer inherent authority to commit the corporation." (Internal quotation marks omitted.) *Community Collaborative of Bridgeport, Inc.* v. *Ganim*, 241 Conn. 546, 556, 698 A.2d 245 (1997). "To demonstrate authority to sue . . . it is not enough for a party merely to show a colorable claim to such authority. Rather, the party whose authority is challenged has the burden of convincing the court that the authority exists." (Internal quotation marks omitted.) Id., 554. Such inquiry, however, is not necessary in this case, as the plaintiff has brought this action as an individual only and not as the president of Transformations.

[6] "It is commonly understood that [a] shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation." (Internal quotation marks omitted.) *Smith* v. *Snyder*, 267 Conn. 456, 461, 839 A.2d 589 (2004) (shareholders lacked standing to bring action in individual capacities because no specific shareholder sustained injury separate and distinct from that suffered by any other shareholder or by corporation).

breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *Bross* v. *Hillside Acres, Inc.*, 92 Conn. App. 773, 780–81, 887 A.2d 420 (2006). Here, the plaintiff alleged that the defendant offered to share her home with him and that they agreed to share the household expenses. The plaintiff further alleged that the agreement also included an extensive renovation plan that would increase the value of the house, achieved by the plaintiff's contributing his skills as a contractor and the defendant's paying for the supplies. In addition, the plaintiff alleged that the defendant promised "that the property was to be their common home and if it was sold, then the profit realized thereon would be divided equally between the parties." Relying on this agreement, the plaintiff completed performance over a three year period. The plaintiff claims that he has been injured by the defendant's breach of oral contract in that (1) the defendant intends to sell the property and not to share the profits with him, (2) the defendant owes him approximately $300,000 for services rendered and moneys he expended to improve the property, and (3) the defendant intends to deny him the use of, and any profits from, the property. Thus, the plaintiff has pleaded facts sufficient to establish that he has been injured and, therefore, has standing as an individual to sue the defendant for breach of contract.[7]

The plaintiff next argues that he has standing to sue in quantum meruit. Our Supreme Court has explained that "[q]uantum meruit literally means as much as he

[7] The plaintiff's request for relief includes profits from the appreciation of the property. The plain language of the mechanic's lien statute limits relief to "materials furnished or services rendered . . . ." General Statutes § 49-33 (a). Thus, the allegations in the plaintiff's complaint bring his individual claim outside the ambit of the mechanic's lien statute. Accordingly, even though the plaintiff cannot foreclose on the mechanic's lien in his individual capacity, he alleged facts sufficient to support his cause of action for breach of contract.

has deserved . . . ." (Internal quotation marks omitted.) *Shapero* v. *Mercede*, 262 Conn. 1, 7, 808 A.2d 666 (2002). It "is the form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution." (Internal quotation marks omitted.) *Morgan Building & Spas, Inc.* v. *Dean's Stoves & Spas, Inc.*, 58 Conn. App. 560, 563, 753 A.2d 957 (2000). Here, the plaintiff alleged that he performed services, hired subcontractors and paid for supplies to renovate the property, and, therefore, the defendant owes him approximately $300,000 for the fair value of the materials and services provided, which he has not received. Such factual allegations support a claim in quantum meruit. Thus, the plaintiff has standing as an individual to sue the defendant in quantum meruit.

The plaintiff next argues that he has standing to sue for unjust enrichment. "Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 573, 898 A.2d 178 (2006). The plaintiff alleged that defendant was benefited by the materials, services, labor and subcontractors that he provided for the renovations and improvements to the property. The plaintiff further alleged that the defendant did not pay him for these renovations and improvements. The plaintiff alleged that this failure of the defendant to pay him has resulted in a benefit to the defendant of approximately $300,000 and that it would be unjust for the defendant to retain this benefit at his expense. The allegations in the plaintiff's complaint, therefore, provide sufficient basis for his claim of unjust enrichment. Thus, the plaintiff has standing as an individual to bring

this claim. Compare *Gural* v. *Fazzino*, 45 Conn. App. 586, 696 A.2d 1307 (1997).

Finally, the plaintiff argues that he has standing to sue in fraud. "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action. . . . The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment." (Internal quotation marks omitted.) *Carr* v. *Fleet Bank*, 73 Conn. App. 593, 595, 812 A.2d 14 (2002). "Because specific acts must be pleaded, the mere allegation that a fraud has been perpetrated is insufficient." *Chase Manhattan Mortgage Corp.* v. *Machado*, 83 Conn. App. 183, 188, 850 A.2d 260 (2004); see also *Maruca* v. *Phillips*, 139 Conn. 79, 81, 90 A.2d 159 (1952) ("[w]here a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint"). Here, the plaintiff alleged that the defendant represented to him that the property was their common home, that the home was their retirement fund and that if the property was sold, they would split the profits. These representations, he alleged, were false and were known by the defendant to be false at the time they were made. He further alleged that these representations induced him to begin, continue and finish extensive and costly renovations on the home and that he therefore relied on the misrepresentations to his detriment. We again conclude that the plaintiff has alleged facts sufficient to support a claim of fraud and has individual standing to bring such a claim.

Accordingly, we conclude that the plaintiff has alleged facts sufficient to maintain an individual cause of action for breach of contract, quantum meruit, unjust

enrichment and fraud. We further conclude that the court correctly determined that the plaintiff does not have standing to seek a judgment foreclosing the mechanic's lien, which was filed in the name of Transformations.

The judgment is reversed only as to the determination that the plaintiff lacks standing to bring his action as an individual and the case is remanded with direction to deny the motion to dismiss on the four counts of the complaint alleging breach of contract, quantum meruit, unjust enrichment and fraud in the plaintiff's individual capacity and for further proceedings according to law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.