JOHN M. MORGAN *v.* DAVID WRIGHT ET AL.
(AC 31188)

Harper, Alvord and Pellegrino, Js.

Argued April 14—officially released June 29, 2010

*Robert J. Williams, Jr.*, for the appellant (plaintiff).

*Mary Anne A. Charron*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, John M. Morgan, appeals from the judgment of the trial court dismissing his complaint for lack of subject matter jurisdiction. He claims that the court improperly determined that he lacked

standing. We agree and reverse the judgment of the trial court.

This case arises from a residential construction contract entered into on September 27, 2005, by the defendants, David Wright and Tracy Wright, and Aecon, Inc., a company associated with the plaintiff.[1] By a two count complaint filed February 13, 2009, the plaintiff brought this action against the defendants for breach of contract and unjust enrichment. The complaint alleged that the plaintiff and the defendants entered into a contract for improvements to the defendants' property, the plaintiff furnished materials and rendered services to the defendants in accordance with the contract, and the defendants failed to pay the plaintiff $99,556 for the materials furnished and services rendered. On February 19, 2009, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. They argued that the plaintiff did not have standing to pursue either claim because (1) no contract existed between the parties and (2) the decision in *Wright* v. *Aecon, Inc.*, Superior Court, judicial district of Fairfield, Docket No. CV-08-5013350-S (November 6, 2008),[2] barred the plaintiff in his individual capacity from recovering in equity. In support of their motion, the defendants submitted a copy of the September 27, 2005 contract and an affidavit by David Wright.[3] On March 16, 2009, the plaintiff filed a memorandum of law and an affidavit in opposition.

---

[1] The contract named the plaintiff as the project architect and was signed by the plaintiff as the president of Aecon, Inc.

[2] In *Wright* v. *Aecon, Inc.*, supra, Superior Court, Docket No. CV-08-5013350-S, the defendants filed an application to discharge a mechanic's lien in the amount of $123,233 filed against them by Aecon, Inc. The defendants claimed that (1) Aecon, Inc., was a contractor under the Home Improvement Act (act); General Statutes § 20-418 et seq.; (2) the September 27, 2005 contract did not conform to the requirements of the act and (3) the mechanic's lien was invalid. The court agreed and discharged Aecon, Inc.'s mechanic's lien.

[3] David Wright attested that the contract was a complete and accurate copy of the agreement he entered into with Aecon, Inc.

He claimed and attested that, as the named architect, he was a party to the September 27, 2005 contract and that he acted in his individual capacity, and not as an agent for Aecon, Inc., when he rendered architectural services to the defendants. On April 7, 2009, the court granted the defendants' motion to dismiss for lack of standing. In its memorandum of decision, the court stated that this "exact issue" was raised and decided in *Wright* v. *Aecon, Inc.*, supra, Superior Court, Docket No. CV-08-5013350-S. We disagree.

The plaintiff was not a party to *Wright* v. *Aecon, Inc.*, supra, Superior Court, Docket No. CV-08-5013350-S. Consequently, that decision did not and could not address whether the plaintiff, in his individual capacity, had standing to sue the defendants for breach of contract or unjust enrichment. Indeed, the only question answered in *Wright* v. *Aecon, Inc.*, supra, Superior Court, Docket No. CV-08-5013350-S, was whether the Home Improvement Act; General Statutes § 20-418 et seq.; barred Aecon, Inc., from enforcing its mechanic's lien.[4] See footnote 2 of this opinion.

In contrast, "[s]tanding is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Wilcox* v. *Webster*

---

[4] To the extent that the defendants' reliance on *Wright* v. *Aecon, Inc.*, supra, Superior Court, Docket No. CV-08-5013350-S, raises questions of issue preclusion, we note that these questions pertain to the merits of the plaintiff's case and are improperly raised in a motion to dismiss. See *Rosenfeld* v. *McCann*, 33 Conn. App. 760, 762, 638 A.2d 631 (1994) ("Res judicata does not implicate a court's subject matter jurisdiction. The doctrine is invoked when a litigant alleges that a party is reasserting a claim that has already been decided on the merits. The doctrine must be raised as a special defense and may not be raised by a motion to dismiss, which is the appropriate vehicle to assert a lack of jurisdiction.").

*Ins., Inc.,* 294 Conn. 206, 214, 982 A.2d 1053 (2009). "[W]hen standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the [party] has a legally protected interest [that may be remedied]." (Internal quotation marks omitted.) *Chiulli* v. *Zola,* 97 Conn. App. 699, 704, 905 A.2d 1236 (2006). "Standing requires no more than a colorable claim of injury . . . ." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.,* supra, 214. "[W]hether a party has standing, based upon a given set of facts, is a question of law for the court"; (internal quotation marks omitted) *Dow & Condon, Inc.* v. *Brookfield Development Corp.,* 266 Conn. 572, 579, 833 A.2d 908 (2003); and our review is plenary.

Although we note that several facts remain in dispute, our jurisdictional determination is not dependent on the resolution of these issues. See *Columbia Air Services, Inc.* v. *Dept. of Transportation,* 293 Conn. 342, 348, 977 A.2d 636 (2009) (evidentiary hearing required when a jurisdictional determination is dependent on the resolution of a critical factual dispute). The complaint and affidavits indicate that the plaintiff was named in the contract as the architect, the plaintiff provided architectural services to the defendants[5] and the defendants did not pay the plaintiff for the services he provided. "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.,* supra, 294 Conn. 214. Accordingly, we conclude that the plaintiff has standing to pursue his claims.

---

[5] The defendants acknowledged that the plaintiff provided design services for the project during argument on their motion, stating: "He provided design services. We are not disputing that he provided design services."

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.